UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WRIGHT MEDICAL TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Misc. Case No. 4:19-mc-00767 |
| | ) | |
| vs. | ) | [D. Colo. Case No. 18-cv-00691-PAB] |
| | ) | |
| PARAGON 28, INC., | ) | |
| | ) | **IN RE SUBPOENA ISSUED TO** |
| Defendant. | ) | **ASCENSION HEALTH** |

## DEFENDANT PARAGON 28, INC.'S OPPOSITION TO WRIGHT MEDICAL TECHNOLOGY, INC.'S MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENAS DIRECTED TO ASCENSION HEALTH

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................................... 3

      A.     The Underlying District of Colorado Case ............................................. 3

      B.     Wright's Allegations Regarding Ascension And Associated Discovery ............... 3

      C.     Wright's Motion and Its Rule 26 "Conferral" ........................................ 5

III.   LEGAL STANDARD ......................................................................................... 6

IV.   ARGUMENT ....................................................................................................... 8

      A.     Wright's Only Arguable Basis For Standing For Its Motion To Quash Is Mooted By The Underlying Protective Order ........................................ 8

      B.     The Colorado Court Should Decide Wright's Protective Order Motion ................ 9

      C.     Paragon's Subpoena Seeks Relevant Information And Wright's Burden Complaints Are Speculative ............................................................... 10

      D.     Any Purported "Trade Secret" Information Sought By The Subpoena Is Adequately Protected By The Protective Order In The Underlying Action ........ 13

      E.     Wright Failed To Comply With The Meet And Conferral Requirement And Its One-Sentence Motion For Sanctions Should Be Denied ........................ 14

V.     CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albany Molecular Research, Inc. v. Schloemer*,
   274 F.R.D. 22 (D.D.C. 2011)............................................................................9, 14

*Bates v. Private Jet Commercial Grp., Inc.*,
   No. 11-cv-547, 2012 WL 1660874 (D.N.H. May 11, 2012) ...............................6, 15

*Centurion Indus., Inc. v. Warren Steurer & Assocs.*,
   665 F.2d 323 (10th Cir. 1981) ..........................................................................9, 14

*Cline v. Sears Holding Mgmt. Corp.*,
   No. 1:13MC-00002, 2013 WL 12309312 (W.D. Ky. June 13, 2013) ......................7

*Colorado Supply Co., Inc. v. Stewart*,
   797 P.2d 1303 (Colo. Ct. App. 1990) ...................................................................14

*Crocs, Inc. v. Effervescent, Inc.*,
   No. 06-cv-00605, 2016 WL 9584443 (D. Colo. Dec. 12, 2016) ............................6

*Envtl. Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*,
   No. CV 16-1056 WJ/JHR, 2019 WL 1406959, (D.N.M. Mar. 28, 2019),
   *objections overruled*, No. CV 16-1056 WJ/JHR, 2019 WL 2248688 (D.N.M.
   May 24, 2019)......................................................................................................8

*Frappied v. Affinity Gaming Black Hawk, LLC*,
   No. 17-CV-01294-RM-NYW, 2018 WL 1899369 (D. Colo. Apr. 20, 2018) ...........8

*Gen. Dynamics Corp. v. Selb Mfg. Co.*,
   481 F.2d 1204 (8th Cir. 1973) .............................................................................8

*Estate of Lillis by & through Lillis v. Bd. of Cty. Commissioners of Arapahoe
   Cty.*,
   No. 16-CV-00175, 2019 WL 3067289 (D. Colo. July 12, 2019) .......................7, 11

*Melder v. State Farm Mut. Auto. Ins. Co.*,
   No. 1:08-CV-1274, 2008 WL 1899569 (N.D. Ga. Apr. 25, 2008)......................7, 10

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Porter Hayden Co.*,
   No. 3:11-cv-00014, 2011 WL 6026291 (D. Nev. Dec. 2, 2011) ........................7, 10

*Nova Prods., Inc. v. Kisma Video, Inc.*,
   220 F.R.D. 238 (S.D.N.Y. 2004) .........................................................................6, 8

ii

*US Bank Nat. Ass'n v. PHL Variable Ins. Co.*,
    No. 12-cv-6811, 2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012)................................................9

*Washington v. Thurgood Marshall Academy*,
    230 F.R.D. 18 (D.D.C. 2005)........................................................................................7

*Wright Medical Technology, Inc. v. Paragon 28, Inc.*,
    No. 18-cv-00691-PAB (D. Colo.)..............................................................................3, 11

*Yater v. Powerderhorn Ski Co. LLC*,
    No. 17-CV-01298-LTB-NYW, 2018 WL 776361 (D. Colo. Feb. 8 2018) ...........................13

**Statutes**

Colo. Rev. Stat. Ann § 7-74-102...................................................................................14

**Rules**

Fed. R. Civ. P. 26...........................................................................................5, 7, 13

Fed. R. Civ. P. 26 (b)(1)......................................................................................7

Fed. R. Civ. P. 26(c)(1)...............................................................................1, 6, 9, 14

Fed. R. Civ. P. 45.........................................................................................2, 6, 9, 13

Fed. R. Civ. P. 45(d) ..........................................................................................15

Fed. R. Civ. P. 45(d)(3)(B)(i) ..................................................................................6

Local Rule 3.04...............................................................................................14

Defendant Paragon 28, Inc. ("Paragon") hereby respectfully submits its memorandum of Law in Opposition of Wright Medical Technology, Inc.'s ("Wright") Motion to Quash or for a Protective Order regarding the subpoenas directed to non-party Ascension Health ("Ascension").

## I.    INTRODUCTION

The subpoena at issue here stems from a pending case in the District of Colorado. ("Colorado Case"). There, Wright claims that Paragon has injured it by, *inter alia*, misappropriating allegedly trade secret pricing information and using it to make medical sales that, but for the alleged misappropriation, would have been made to Wright. *See* D. Colo. Dkt. 89, Third Amended Complaint ("TAC") ¶¶ 14, 267, 280.[1] Among Paragon's defenses are that pricing information at issue is not confidential or misappropriated (hospitals disclose competitor pricing information to facilitate competitive pricing), and that hospital purchasing decision entail far more than pricing. *See generally* Dkt. 192, Answer to TAC ("Answer").

To defend itself from Wright's claims, Paragon seeks from Ascension what it cannot obtain exclusively from Wright in the Colorado Case: (1) Ascension's treatment of Wright's pricing information; and (2) Ascension's purchasing decisions/analysis. Additionally, Paragon seeks from Ascension what Wright claims in the Colorado Case to be too burdensome to find, this includes pricing-related communication sent from and received from Ascension (among other hospitals).

It is telling that Wright could have challenged the subpoena in the Colorado Case, before the court familiar with the underlying litigation, as permitted by Rule 26(c)(1). But that would have put Wright's two conflicting arguments—its "ask us first" argument here and its "too burdensome" argument there—before the same judge. Indeed, presented at a hearing with Wright's effort to block this subpoena in the context of Wright's "burden" claims, the Magistrate Judge

---

[1] All references to the docket pertain to the underlying litigation, unless otherwise stated.

handling discovery in the Colorado Case registered—albeit in a limited context in which he stressed that he was not and could not decide the matter because it was not before him—noted that it "d[id]n't have a problem with [Paragon] deposing five hospitals" and thought the Ascension subpoena was "fair discovery in this case." Ex. 6, 10/15/2019 Hr'g Tr. at 26:6-10. In sum, Wright's characterization of Paragon's subpoena as a "last minute scattershot" and a "smear campaign" is counter factual.

The propriety of the subpoena aside, Wright's rush to stop Ascension from producing documents suffers from a number of procedural and substantive flaws. In its rush to file its motion, Wright not only failed to engage in any meaningful meet-and-confer on the subject of the subpoena, but actually impeded Paragon's ongoing discussions with ***Ascension***—the party actually subpoenaed—to pare back the scope of the subpoena. This of course, makes particularly ironic Wright's request for sanctions under Rule 45 for imposing too great a burden on Wright; indeed, the rule does not even apply to Wright, a non-party to the subpoena. More fundamentally, as detailed below, Wright has no standing to challenge the subpoena given the order in place in the Colorado Case to protect confidential information.

In sum, Wright's Motion to Quash or for Protective Order ("Motion" or "Mot.") fails for at least five reasons: (1) Wright, which is ***not*** the subject of the subpoena, lacks standing to file a motion to quash except on very limited grounds that are mooted by the already-existing Protective Order; (2) the Colorado Court can and should decide Wright's Protective Order Motion; (3) the subpoena seeks relevant information that either could not be obtained from Wright or that Wright has refused to provide and Wright's claim that ***Ascension*** will be burdened in complying with the subpoena has no factual support and is, at best, speculative; (4) any alleged need for a second protective order to prevent disclosure of trade secret is mooted by the protective order entered in

the District of Colorado case that was attached to the served subpoena, and (5) Wright failed to comply with the Local Rules by conferring with Paragon prior to filing this discovery motion. For these reasons, the Court should deny Wright's motion.

## II.    FACTUAL BACKGROUND

### A.    The Underlying District of Colorado Case

Wright brought the underlying lawsuit, *Wright Medical Technology, Inc. v. Paragon 28, Inc.*, No. 18-cv-00691-PAB, against Paragon on March 23, 2018, alleging patent infringement and later tacking on trade secret (and other non-patent) claims. *See* TAC. Paragon denies any wrongdoing. *See generally*, Answer. Paragon exclusively markets and sells foot and ankle orthopedics devices while Wright sells foot and ankle devices in addition to other medical devices.

Much of Wright's moving papers are dedicated to painting Paragon as a serial infringer and stealer. Of course, that has nothing to do with the merits of the issue before the Court. But what Wright did not mention is that the Colorado Court recently granted-in-part Paragon's motion to dismiss and severely truncated Wright's non-patent claims. Dkt. 177 at 20 (Motion to Dismiss Order).[2] Nor did Wright mention that the Patent Trial and Appeals Board recently decided to review the validity of asserted claims of four of Wright's patents at issue in the case.

### B.    Wright's Allegations Regarding Ascension And Associated Discovery

In the underlying lawsuit, Wright contends that Paragon misappropriated Wright's pricing information sent to Ascension Health, with no limit to particular Ascension facilities, areas, or

---

[2] Though Paragon does not wish to burden this Court with the underlying merits of the lawsuit, Wright's statement that there are "hundreds of Wright documents in Paragon's possession" is, at best, misleading. The supposed "Wright documents" encompasses publically available information, such as list pricing and physical orthopedic plates, as well as a hodgepodge of documents simply left on former sales representative computers, such as ancient training materials pertaining to long since obsolete products and routine sales presentations.

times. Ex. 1, Wright's Second Supp. Resp. to Interrogatory No. 12 at 10, 18, 19, 24, 45, 58, 71, 77. Thus Wright, on its own volition, placed the pricing information Wright provided to Ascension at issue in the underlying litigation. To that end, Wright claimed that communications between Ascension and Paragon are relevant to its misappropriation allegations and sought (and received) those communications from Paragon. Ex. 2, 7/08/2019 Hr'g Tr. at 12.

Paragon has served numerous interrogatories to help answer the requests Paragon now seeks from Ascension. Specifically, Paragon's Interrogatories Nos. 15–17 requested from Wright which individuals at Ascension had access to the pricing information provided to Ascension and who else, besides those at Ascension, would have access to the pricing information.

Interrogatory No. 15 requests, *inter alia*, individuals or entities authorized to access or disclose Wright's alleged trade secrets, including the pricing information provided to Ascension. Interrogatory No. 16 requests, *inter alia*, all persons having knowledge or access to the alleged trade secrets, including the pricing information provided to Ascension. Interrogatory No. 17 requests all instances of disclosure of the alleged trade secrets to a third party, including the pricing information provided to Ascension. Ex. 3, Wright's Supp. Resp. to Interrogatories Nos. 15-17 and accompanying Appendix A.

In response to Interrogatories Nos. 15–17, Wright provided only information gleaned from the face of the alleged trade secret documents. With respect to the Ascension pricing information, Wright claimed that only *one* person at Ascension, Scott Caldwell (the President and CEO of the Resource Group) had access to its pricing information. *See Id.* at Appendix A at 4. Wright has not produced any communications between any Wright employee and Mr. Caldwell. Wright has also claimed that it has lost sales from hospitals owned by Ascension in response to Paragon's alleged misappropriation, *e.g.* St. Vincent's Birmingham.

Seeking to test the veracity of Wright's contention that it *only* shared its pricing information with *one person* at Ascension and that Ascension *never* shared that pricing information with *anyone* else, Paragon served document and deposition subpoenas on Ascension. The subpoena topics, served on September 30th, relate specifically to the documents and communications that Wright has refused to provide, as well as those that Wright *cannot* provide. Request for Production No. 1 and Deposition Topic No. 1 seek communications and documents between Wright and Ascension that involve the pricing of medical devices. Mot. at Exs. 1 & 2. These communications are relevant to (1) the identity of the people at Ascension that Wright shared pricing information with, (2) whether that pricing information was subject to contractual non-disclosure protections or otherwise treated as confidential, and (3) whether Wright lost any sales at Ascension due to any alleged misappropriation of that pricing information. Request for Production No. 2 and Deposition Topic No. 2 seek communications and documents between Ascension and third parties that involve the pricing of medical devices. *Id.* These communications are relevant to how Ascension treated Wright's alleged "trade secret" pricing information and whether that pricing information is truly a trade secret. These communications cannot be sought from Wright. Request for Production No. 3 and Deposition Topic No. 3 seek communications and documents between Wright and Ascension concerning Paragon, which relate to Wright's and Ascension's perception of Paragon in the marketplace. *Id.* These communications are relevant to whether Wright lost any sales at Ascension due to any alleged misappropriation or whether there were other reasons for Ascension preferring Paragon.  At a recent discovery hearing, the Colorado Court commented that deposing hospitals such as Ascension was "fair discovery." Ex. 6, 10/15/2019 Hr'g Tr. at 26:6-10.

### C.    Wright's Motion and Its Rule 26 "Conferral"

Wright filed the instant Motion on October 11, 2019—nearly two weeks after the

subpoenas were served to Ascension and three days prior to the subpoena deadline. At approximately 3 PM EST on October 11, 2019, local Colorado counsel for Wright contacted local Colorado counsel for Paragon by telephone and asked if Paragon opposed a motion to quash. Paragon asked for more details regarding Wright's basis for its motion and for time to respond, but Wright responded by notifying Paragon of its intent to file that day. Once informed of Wright's intent to immediately file the motion, Paragon's counsel requested Wright include a statement that Paragon did not agree that Wright had properly met and conferred and that Paragon objected to Wright's motion on that basis. Wright filed its Motion but did not include any such statement.

## III.   LEGAL STANDARD

Under Rule 45, a party's standing to quash a subpoena to a third party is limited to protecting the party's personal privilege or right. *Nova Prods., Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y. 2004). If a personal privilege or right is established, "the party moving to quash a subpoena under Rule 45(d)(3)(B)(i) has the burden to establish the information sought is confidential and its disclosure will result in a clearly defined and serious injury ***to the moving party***." *Crocs, Inc. v. Effervescent, Inc.*, 06-cv-00605, 2016 WL 9584443, at \*1-2 (D. Colo. Dec. 12, 2016) (denying motion to quash and motion for a protective order regarding subpoenas to third parties because the already-in-place protective order offered sufficient protection).

A party may move for a protective order ***only after*** it has made a good faith effort to meet and confer with the other side and resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). A court may deny a motion for a protective order for failing to comply with this requirement. *Bates v. Private Jet Commercial Grp., Inc.*, 2012 WL 1660874, at \*4–5 (D.N.H. May 11, 2012).

The party moving to quash or for a protective order "should generally be made by the person from whom the documents or things are requested" and "has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts'" sufficient to demonstrate good cause and

justify such orders. *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005). A party may move for a protective order in the district in which compliance with a subpoena is sought, however courts "may, and frequently will, remit the [] party to the court where the action is pending . . . due to the interest in uniform treatment of discovery issues and judicial economy." *Melder v. State Farm Mut. Auto. Ins. Co.*, 1:08-CV-1274, 2008 WL 1899569, at *3 (N.D. Ga. Apr. 25, 2008) (transferring protective order motion to district where of the underlying litigation). This is particularly true when the party seeking a protective order *is not* the subject of the subpoena. *Id.* ("Transfer of Defendants' motion to quash is also warranted because [] the non-party recipients of the subpoenas, have neither brought the motion to quash nor made any arguments in support thereof."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Porter Hayden Co.*, 2011 WL 6026291, at *6 (D. Nev. Dec. 2, 2011) (court where underlying litigation is pending should resolve dispute "in the interests of having general discovery issues receive uniform treatment regardless of where the discovery is pursued"); *Cline v. Sears Holding Mgmt. Corp.*, 2013 WL 12309312, at *2 (W.D. Ky. June 13, 2013) (transferring protective order motion because judge in underlying case "is in a superior position to evaluate the propriety of the discovery sought through the subpoenas").

Rule 26 defines permissible discovery as anything "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1). In seeking a protective order under Rule 26, the party resisting discovery has the burden to establish that the discovery is not relevant, or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure. *Estate of Lillis by & through Lillis v. Bd. of Cty. Commissioners of Arapahoe Cty.*, 2019 WL 3067289, at *3 (D. Colo. July 12, 2019) (denying motion for protective order because relevance is "readily apparent"). The party seeking a protective order has the burden to demonstrate "good cause", and must show "the

necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

Under the Federal Rules, a party is not precluded from seeking discovery from multiple sources. *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17-CV-01294-RM-NYW, 2018 WL 1899369, at *5 (D. Colo. Apr. 20, 2018). "[T]here is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party." *Envtl. Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, 2019 WL 1406959, at *4 (D.N.M. Mar. 28, 2019), *objections overruled*, 2019 WL 2248688 (D.N.M. May 24, 2019).

## IV.   ARGUMENT

### A.   Wright's Only Arguable Basis For Standing For Its Motion To Quash Is Mooted By The Underlying Protective Order

Standing to quash Paragon's subpoenas to Ascension requires that Wright show it has a personal right or privilege in the requested information ***and*** that it will suffer a clearly defined injury. *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y. 2004). The only remote "personal right or privilege" or "clearly defined injury" that is identified in Wright's motion is that "the communications requested by Paragon . . . involve Wright and its confidential and trade secret pricing information." Mot. at 6–7. But any "personal right or privilege" or "clearly defined injury" Wright claims may result from production of the requested documents is immediately extinguished by the fact that ***a protective order is already in place*** to prevent disclosure of this information, and that protective order was served with the Ascension subpoena. *See* Mot. at Ex. 1. The subpoena explicitly instructs Ascension to brand sensitive documents with appropriate

confidentiality designations, per the terms of the Stipulated Protective Order *that was agreed to by Wright*. *Id.*, Ex. A at ¶ 10; Dkt. 42 at ¶ 21. The Stipulated Protective Order further requires the parties to safeguard all documents from disclosure, and provides Wright the ability to request modification of any designation in the event it believes a designation is missing or incorrect. Dkt. 42 at ¶¶ 13, 19. The existing protective order eliminates any risk of disclosure of alleged trade secrets.[3] *See Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 27 (D.D.C. 2011) (denying a motion to quash a non-party subpoena because the existence of a protective order would safeguard the confidentiality of the information issue and prevent competitors from gaining unfair access); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981) ("a carefully fashioned protective order" is sufficient "to guard against improper disclosure of the secrets"). Because production of Wright's alleged trade secret information under the Stipulated Protective Order would not violate any Wright privilege or right and because there is no clearly defined injury to Wright in such a case, Wright lacks standing and has failed to meet its burden to quash Paragon's subpoena to Ascension.

### B.   The Colorado Court Should Decide Wright's Protective Order Motion

Even assuming Wright has standing to bring a motion for a protective order,[4] Rule 26(c)(1) states that a party "may move for a protective order *in the court where the action is pending*," yet Wright inexplicably elected not to do so. Having the Colorado Court decide Wright's protective

---

[3] Wright has served at least *twenty-four* non-party document subpoenas seeking similar types of information, indicating that the Stipulated Protective Order has been more than sufficient when Wright issues subpoenas for alleged trade secret documents.

[4] *See, e.g. US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("[I]t would be peculiar indeed if a party could circumvent the well-established standing requirements under Rule 45 simply by styling what is effectively a motion to quash as a motion for a protective order.").

order motion makes sense; the Colorado Court is familiar with the underlying facts, the parties' prior positions, the discovery taken to date, and the discovery remaining to be taken, and it would be able to impose a uniform rule for other subpoenas that are similar to the Ascension subpoena. And there is no local interest for this Court to protect; Wright, the party seeking the protective order, voluntarily subjected itself to the District of Colorado by filing suit there, and the in-district party subject to the subpoena, Ascension, does not seek a protective order. That is why other courts in similar situations have deferred a decision on protective orders to the Court of the underlying action. *Melder*, 2008 WL 1899569, at *3; *Nat'l Union*, 2011 WL 6026291, at *6.

The reason Wright seeks relief in this Court is because at a recent discovery hearing, Wright represented to the Colorado Court that it was too burdensome to identify every person it disclosed its alleged trade secrets to. As WMT's counsel stated, "[w]ith respect to all persons with knowledge of each trade secret, again, how do you know who has knowledge of your documents? I think we can make a list as comprehensive as possible, but, you know, it's like asking a witness in deposition: Who knows this issue better than you do? Don't know. So to disclose everyone that knows about that trade secret would be difficult." Ex. 2, 7/08/2019 Hr'g. Tr. at 7:1825. Now that Paragon has gone out and attempted to do what Wright said it could not to the Colorado Magistrate—identify the numerous people who had access to its alleged trade secrets—Wright seeks to block Paragon in a different court in front of a different judge by claiming Paragon should have asked Wright for the documents first. Wright cannot avoid contradicting itself by playing jurisdictional games, and the Court should not permit Wright to do so.

### C.  Paragon's Subpoena Seeks Relevant Information And Wright's Burden Complaints Are Speculative

Should this Court decide the merits of Wright's motion for a protective order (and, to be clear, it need not), this Court should deny it. Paragon's subpoena to Ascension seeks documents

relevant to Wright's claims in the underlying litigation. "It is well-settled that relevance is a broad concept." *Estate of Lillis*, 2019 WL 3067289, at *3. Wright's claim that "neither Wright nor Paragon have claimed or asserted any defenses that would implicate Ascension's involvement in the underlying action," Mot. at 9, is demonstrably false. Wright has claimed that the pricing information it provided to Ascension is confidential trade secret information and that Wright suffered damages from Paragon allegedly misappropriating that information. Ex. 1 at 10, 18, 19, 24, 45, 58, 71, 77.[5] Indeed, at a recent discovery hearing, **Wright** sought (and received) Paragon's communications **with Ascension** because it argued those communications were relevant to its claims. Ex. 2, 7/08/2019 Hr'g Tr. at 12. Wright has put Ascension at issue and, in response, Paragon is entitled to defend itself by showing that (1) Ascension pricing information is not a trade secret and was not misappropriated, and (2) any alleged misappropriation did not result in Wright losing sales from Ascension. As to Wright's assertion that "Paragon has not produced any communications between itself and Ascension in the underlying litigation," that too is false. Paragon has produced over thirty such communications precisely because Wright sought them and claimed they were relevant. *See, e.g.* Exs. 4 & 5 (samples of such communications).

Paragon's subpoena to Ascension seeks documents to support its defenses. RFP No. 1, which seeks communications between Wright and Ascension related to pricing, is relevant to (1) who at Ascension received Wright's alleged "trade secret" pricing information; (2) whether and when Wright informed Ascension to keep its pricing confidential; and (3) whether Wright

---

[5] Not only does Wright's interrogatory response show Wright put Ascension at issue in this litigation, Wright's own behavior shows Ascension is at issue in the underlying litigation. Wright could have offered Paragon a statement in writing and under oath that it does not and will never assert Paragon misappropriated trade secret information related in any way to Ascension or any hospital associated with Ascension prior to filing this motion. That Wright did not do so only shows its complaints of relevancy are unsupported.

discussed other competitor pricing when discussing its own pricing (which is relevant to whether the market treats pricing information as a trade secret). RFP No. 2, which seeks communications between Ascension and third parties, is relevant to whether Ascension shared Wright's pricing information with others and thus shows the information is not secret. RFP No. 3, which seeks communications between Wright and Ascension related to Paragon, is relevant to whether Wright lost any sales to Ascension due to Paragon and, if so, whether those lost sales were due to pricing or other considerations, like superior products or customer relationships.  That is precisely why the Colorado Court commented that deposing hospitals such as Ascension was "fair discovery." Ex. 6 at 26:6-10.

Relevancy aside, Wright complains that Paragon's requests are "unrestricted and vague." Mot. at 9–10. But Paragon's subpoenas are limited to three topics on narrow issues. And any breadth within those topics is a direct function of Wright's trade secret allegations being "unrestricted and vague." To the extent Wright limits any claim related to trade secret misappropriation involving Ascension, Paragon will limit its subpoena in a commensurate fashion. But Wright's refusal to confer with Paragon or Ascension prior to filing the instant motion prevented any such negotiation. With respect to Wright's claim that the requests are not limited to lower extremity (foot and ankle) products, Paragon agrees that only foot and ankle products are relevant here. However it was unclear at the time Paragon served its subpoena whether Ascension had business with Wright unrelated to lower extremity products and, if so, whether those business streams can be efficiently separated from the lower extremity products. Paragon was in the process of working with Ascension to narrow the subpoena to be commensurate with the manner in which Ascension interacted with Wright when Wright filed its motion.

Wright next objects that Paragon should have first sought the documents from Wright. The

irony here is that the reason Paragon issued this subpoena is because of Wright's claims of "burden" in the Colorado Case and other grounds for resisting discovery. And, as noted above, the Magistrate Judge in the Colorado Court took no issue with the subpoenas in view of this situation. These circumstances, in combination with the fact that some of the discovery sought from Ascension cannot be obtained from Wright (*e.g.*, dissemination of pricing information, bases for purchasing decisions) renders Wright's objection meritless. The various discovery devices are complementary, not exclusive, and are critical to the "adversarial system," allowing "parties to develop the facts surrounding a matter in a 'quest for truth.'" *Yater v. Powderhorn Ski Co. LLC*, No. 17-CV-01298-LTB-NYW, 2018 WL 776361, at *7 (D. Colo. Feb. 8 2018). Even if Wright produced every communication with Ascension, Ascension's corporate designee will likely have different interpretations and impressions of those communications than Wright.

Wright makes a half-hearted claim that Paragon's subpoena would impose undue burden on Ascension, Mot. at 15, but its burden complaints are entirely unsupported and speculative *precisely because* Wright lacks standing to bring this motion. It is Ascension that would be familiar with the amount of responsive information it has and the potential cost of complying with this subpoena. Wright cannot articulate any true burden imposed on Ascension and thus its alleged burden complaints should be ignored.

### D.    Any Purported "Trade Secret" Information Sought By The Subpoena Is Adequately Protected By The Protective Order In The Underlying Action

Wright spends a substantial portion of its brief arguing that the Court must grant a protective order because Rule 26 and 45 protect confidential information from disclosure. But this is simply a re-packaging of its Rule 45 standing argument. Wright and Paragon already stipulated to a protective order to permit production of documents that contain any alleged confidential information, and Paragon attached that order to the subpoena. Mot., Ex. 1. Wright cannot

unilaterally say a document is a trade secret and thus prevent Paragon from ever defending itself by seeing if others have or know of that alleged trade secret. The more sensible approach, and the approach taken by other courts, is to permit discovery of documents that another party claims is a trade secret and protect that document from disclosure via a stipulated protective order. *Albany Molecular Research*, 274 F.R.D. at 27; *Centurion*, 665 F.2d at 326. This is ***precisely*** what Paragon did by attaching the Stipulated Protective Order to the subpoena and permitting Ascension to produce documents as "Outside Attorneys' Eyes Only."[6]

### E.   Wright Failed To Comply With The Meet And Conferral Requirement And Its One-Sentence Motion For Sanctions Should Be Denied

Wright's Motion fails to comply with the conferral requirements of Federal Rule 26(c)(1) and the Eastern District of Missouri Local Rule 3.04 and should be denied on that basis alone. The Federal Rules require a party filing a motion for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Similarly, the Eastern District of Missouri's Local Rule 3.04 requires a "good faith" conferral with "sincere efforts" to resolve the dispute. Wright's purported "conferral" consisted of a last minute notification of an intent to file five motions to quash in four separate jurisdictions. Wright's alleged conferral occurred just hours prior to Wright's filing and did not permit Paragon to attempt to resolve the issue, and thus lacks good faith. Paragon requested that Wright include in its Certificate of Conferral that Paragon objected to Wright's deficient conferral, yet Wright did not include any

---

[6] Wright also asks this Court to essentially determine the merits of its trade secret case through the guise of a protective order, but the Court need not and should not do so, particularly on such an incomplete factual record. Under Colorado law, a trade secret must derive economic value from its secrecy. *See* Colo. Rev. Stat. Ann § 7-74-102. Pricing information is not presumptively a trade secret and other Colorado courts have so held. *See Colorado Supply Co., Inc. v. Stewart*, 797 P.2d 1303, 1306 (Colo. Ct. App. 1990). There is no evidence Wright's pricing is a trade secret or that Paragon misappropriated it.

such statement. The Court can, and should, deny Wright's motion outright for failure to comply with the conferral requirement. *Bates*, 2012 WL 1660874, at *4–5.

Embedded within Wright's motion is a one-sentence "motion for sanctions" that Wright alleges is appropriate because Paragon "fail[ed] to act in good faith and [] fail[ed] to comply with the rules–causing undue burden and expense with these subpoenas." Mot. at 15. Notably Wright cites no legal or factual support for its barebones claim, and there is none. The Federal Rules do not contemplate that a party that is not subject to the subpoena can seek sanctions, and Wright does not cite any authority to the contrary. *See* Fed. R. Civ. P. 45(d) ("Protecting a Person ***Subject to a Subpoena***"); 45(d)(1) (discussing avoiding impose burden "on a person ***subject to the subpoena***") Indeed it is Wright, not Paragon, that failed to comply with the rules and imposed undue burden on Paragon. Wright could have, but did not, (1) engage in a substantive meet and confer with Paragon prior to filing this motion, (2) brought this dispute to the Colorado court to avoid the need for this Court to use its limited resources to resolve a dispute with which it is unfamiliar, or (3) worked with Ascension to determine whether Ascension was actually burdened by Paragon's subpoena. In short, to the extent there is any party that has increased the costs and burdens associated with this subpoena it is Wright, not Paragon. This Court should not punish Paragon for seeking relevant discovery to defend itself from Wright's spurious allegations.

## V.    CONCLUSION

For the reasons stated above, Paragon respectfully request that this Court deny Wright's Motion to Quash and its Motion for Protective Order.

Dated: October 25, 2019                    Respectfully submitted,

                                           */s/ Kristina Hendricks*
                                           Luke Lucien Dauchot
                                           Sharre Lotfollahi
                                           Kirkland & Ellis LLP
                                           333 South Hope Street, Suite 2900
                                           Los Angeles, CA 90071
                                           Telephone: 213-680-8400
                                           Facsimile: 213-680-8500
                                           luke.dauchot@kirkland.com
                                           sharre.lotfollahi@kirkland.com

                                           Kristina N. Hendricks
                                           Kirkland & Ellis LLP
                                           300 N. LaSalle St.
                                           Chicago, IL 60654
                                           Telephone: 312-862-2000
                                           Facsimile: 312-862-2200
                                           kristina.hendricks@kirkland.com

                                           *Attorneys for Defendant*
                                           *Paragon 28, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of October, the foregoing was filed

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

all counsel of record.  All sealed exhibits to the foregoing were sent to counsel of record via email.


*/s/ Kristina N. Hendricks*
Kristina N. Hendricks